[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case invokes General Statutes §§ 52-456 and 52-457, which provide that the Superior Court is authorized to appoint "three disinterested persons" to determine the best method to drain land and to assess damages resulting to adjoining property owners as a result of such drainage. The plaintiffs are C. Roger Lewis and Peter C. Lewis, owners of an undeveloped lot at 22 Cherry Lane in the Riverside section of the town of Greenwich. The defendants are John F. Raynolds and Eileen M. Blaker, who own property located at 17 Cherry Hill Lane, as the named defendant, Harbor Point Association. Inc. (Harbor Point), is no longer a party to the action.
In their "Revised Amended Drainage Complaint" dated October 28, 1996, the plaintiffs allege that they wish to build a home on their property but need a new "storm water retainage and drainage system" in order to do so, because the current two catch basins are broken and not functioning properly. The plaintiffs further allege that they proposed and presented a new plan which drains storm water under Cherry Tree Lane, a private road, and then into a tidal salt water pond located on the north side of the road.
The defendants assert in their answer that they own a portion of the pond and in addition they have filed several special defenses, including a claim of unclean hands and laches on the part of the plaintiffs. The defendants also filed a counterclaim based on General Statutes § 47-31 seeking the quieting of title to the pond and a strip of land located between Cherry Tree Lane and the pond. The quiet title action was subsequently severed from this present action.
The case was referred to an attorney trial referee, Attorney, CT Page 3973 now a Judge of the Superior Court, Dennis G. Eveleigh, pursuant to General Statutes § 52-434 (a) and Practice Book §19-2, formerly § 429. The referee conducted a trial, including a viewing of the subject premises, and then submitted a report pursuant to Practice Book § 19-4, formerly § 430A. The referee made the following findings of fact: (1) the plaintiffs received an easement from Harbor Point to run a drainage line underneath Cherry Tree Lane; (2) the plaintiffs also received Coastal Area Management Approval of their new plan from the Greenwich Planning and Zoning Commission, which approval was affirmed by the Superior Court in an appeal by these same defendants in Schwartz v. Planning and Zoning Commission, CV 95 0144563; (3) the drainage plan in question will not result in water accumulating on the defendants' property but rather the water will drain into the salt water pond across Cherry Tree Lane; (4) ownership of the pond and/or a strip of land between the road and the pond cannot be resolved in this present case; and (5) the defendants are not collaterally estopped from obtaining a damage award because the issue of ownership of the pond and the strip of land was not decided adversely to them in their appeal from the Coastal Area Management approval.
The attorney trial referee recommended, on the basis of the above findings of fact, that this court appoint three disinterested persons "to determine the best mode of draining the property, and the damages which will thereby accrue to the adjoining proprietors" in accordance with the above cited statutes.
The plaintiffs filed a motion to correct the report pursuant to Practice Book § 19-12, formerly § 438. The plaintiffs reiterate their contention that the action they brought pursuant to the drainage statutes is now moot because the defendants are collaterally estopped from challenging their drainage plan. This is based on the theory that the defendants appeal of the Planning and Zoning Commission approval of the drainage plan had been rejected by the Superior Court. The attorney trial referee rejected this claim by the plaintiffs for the same reason set forth in his original report, viz., that the ownership of the pond was not resolved in the appeal from the Planning and Zoning Commission drainage plan approval.
The plaintiffs filed objections to the report as authorized by Practice Book § 19-14, formerly § 440, again claiming that the court lacks subject matter jurisdiction because the CT Page 3974 issues are moot. The court rejects this contention for the reasons stated by the attorney trial referee. The defendants are not collaterally estopped because the issue of ownership of the pond was not decided adversely to the defendants in the Schwartz
case.
The defendants also filed objections and supplemental objections to the report of the attorney trial referee. They claim that they own a portion of the pond into which the plaintiffs plan to drain the storm water from their property, and that such water will remain in the pond. The defendants argue that the drainage statutes invoked in this case by the plaintiffs apply only to drainage going across one's property, and not remaining on or in said property. The referee, however, found that the drainage water would not remain on the defendants' property but would go into the salt water pond and ultimately out into the waters of Long Island Sound (". . . the instant application proposes to drain water into a salt water tidal pond which will carry the water to the sea. . . . This Court finds that the waters will be deposited, but will not remain in the tidal pond").
In the absence of a motion to correct and exceptions, as authorized by Practice Book § 19-13, formerly § 439, this factual finding cannot be rejected. As was said in Elgar v.Elgar, 238 Conn. 839, 679 A.2d 937 (1996), "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court. . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17, formerly] § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Id., 848-49.
Accordingly, the complaint filed by the plaintiffs is granted. Pursuant to General Statutes § 52-457 the court appoints the following "three disinterested property owners," CT Page 3975 Attorney Robert Krause, Attorney David Hopper and Peter Trefny, Appraiser, to "determine the best method of drainage, and the damages which will thereby accrue to the adjoining proprietors" and to file their report with this court.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of March, 1999.
William B. Lewis, Judge